IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GUY GRABNER, CHARLES SCOTT,
CONNELL HERRING and
SHECNELL GORDON,  ORDER

              Plaintiff,  09-cv-568-slc

  v.

TW VENDING, the vendor and owner of machines at
the Racine County Jail 717 Wis Ave 53403 and
RACINE COUNTY SHERRIFF DEPT.,

              Defendants.

---

This is a civil action brought by four plaintiffs for alleged violations of their constitutional rights during their incarceration at the Racine County jail in Racine, Wisconsin. Plaintiffs Grabner, Scott and Herring ask for leave to proceed *in forma pauperis*. Plaintiff Gordon has not paid the $350 fee for filing a new action or submitted a request for leave to proceed *in forma pauperis*. Therefore, I construe the complaint to include a request to proceed *in forma pauperis* on plaintiff Gordon's behalf. A decision on the requests will be delayed until each plaintiff pays an initial partial payment of the $350 filing fee and until each plaintiff confirms that he wishes to prosecute his action in a group complaint, despite the consequences of doing so as I will explain in this order.

First, although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action. *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004). In other words, before this court will screen the complaint, each plaintiff will have to pay either a full filing fee if he

does not qualify to proceed *in forma pauperis*, or an initial partial payment of the fee calculated pursuant to the method described in 28 U.S.C. § 1915(b). If an inmate qualifies for payment of an initial partial payment, he will thereafter be responsible for paying the remainder of the full fee in installments pursuant to 28 U.S.C. § 1915(b)(2).

Second, if I conclude when I screen plaintiffs' complaint that any one claim in the action is frivolous, malicious or fails to state a claim upon which relief may be granted, I will record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action. According to the court of appeals, when a prisoner in a group complaint signs the pleading, he attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. Therefore, he assumes the risk of incurring a strike if any one claim relating to any other plaintiff warrants a strike under § 1915(g).

Third, each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf. He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are found warranted in any aspect of the case.

Finally, in screening the complaint, the court will consider whether the action of one plaintiff should be severed from the action of the other plaintiffs and, if it decides severance is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because plaintiffs may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. However, regardless

whether plaintiffs agree to prosecute this case jointly or separately, each will be required to submit a trust fund account statement for the six-month period described above so that I can assess an initial partial payment of the $350 filing fee. Plaintiffs' complaint was submitted on September 6, 2009. Their trust fund account statements should cover the six-month period beginning approximately March 6, 2009 and ending approximately September 4, 2009. Once plaintiffs have each submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that:

(1) Each petitioner may have until October 15, 2009, in which to advise the court whether he wishes to prosecute this action jointly.

(2) If petitioners decide to proceed with the action, each may have until October 15, 2009, in which to submit a trust fund account statement covering the period beginning approximately March 6, 2009 and ending approximately September 4, 2009. If, by October 15, 2009, any plaintiff fails to submit the required statement, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 17th day of September, 2009.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge